UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) THE MISSOURI HIGHWAYS AND ) TRANSPORTATION COMMISSION, et al., ) ) Defendants. ) | Case No. 4:12-cv-01484-NKL |

**ORDER**

Pending before the Court are Defendant Missouri Highways and Transportation Commission's ("MHTC") motions for attorneys' fees, Docs. 158 and 162. For the following reasons, MHTC's motions for attorneys' fees are granted in part and denied in part.

**I.     Background**

This case principally concerns whether insurance coverage exists for a judgment entered against MHTC in the Circuit Court for Clay County, Missouri (the "Clay County action"), under an insurance policy that Cincinnati Insurance Company issued to Norris Asphalt Paving Company. The Clay County action arose from a June 24, 2001 single-car accident that occurred on a northbound portion of Interstate 29, near its intersection with Missouri Route W, in Holt County, Missouri. Three persons were killed in the accident and four others were injured. This accident was ultimately determined to have been

1

caused in part by a dangerous and defective condition on the highway, specifically an edge drop-off and rutting on the shoulder.

On September 15, 2014, the Court granted partial summary judgment for MHTC, concluding that Cincinnati had a duty to provide a defense to MHTC in the Clay County action. Parties are currently scheduled for trial on the remaining issues in the case.

In the wake of the Court's order granting MHTC partial summary judgment, MHTC filed two motions for attorneys' fees. The first motion requested fees in the amount of $86,110.33, incurred by MHTC defending itself in the Clay County action. The second motion requests reimbursement for attorneys' fees and expenses in the amount of $227,545.60, costs incurred by MHTC defending against Cincinnati's federal declaratory judgment action.

**II.    Discussion**

In allocating attorneys' fees between parties, Missouri ascribes to the "American Rule," requiring that "parties bear their own attorneys' fees unless fee shifting is authorized by contract or statute." *Brown v. Brown-Thill*, 2014 WL 3892962, at *10 (8th Cir. 2014). In order to recover fees, the party requesting fees must be the prevailing party in the litigation. *Motor Control Specialties, Inc. v. Labor and Industrial Relations Commission*, 323 S.W.3d 843, 854 (Mo. Ct. App. 2010). In order to be the prevailing party, the litigant need only obtain "a favorable decision on a single issue if the issue is one of significance in the underlying case." *Id.* (quotations omitted) (quoting *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 353 (Mo. banc 2001).

### A. Motion to Recover Fees for Failure to Defend

MHTC contends that it is entitled to recover attorneys' fees resulting from Cincinnati's failure to defend MHTC in the Clay County action. Cincinnati argues that attorneys' fees should not be awarded simply because MHTC prevailed in the declaratory judgment action, and that MHTC must prevail on its breach of contract counterclaim in order to receive an award of fees.

Missouri law is clear that an insurer that breaches its duty to defend is liable "for the attorneys' fees incurred in defending the underlying action."[1] *Fleishour v. Stewart Title Guar. Co.*, 743 F.Supp.2d 1060, 1072 (E.D. Mo. 2010). However, the insurer has no duty to pay for fees incurred prior to the insured's demand for coverage. *Monsanto Co. v. Gould Electronics, Inc.*, 965 S.W.2d 314, 318 (Mo. Ct. App. 1998) ("[W]hether the indemnitee's right to indemnification arises under contract or is implied by law, indemnitee has the right to recover attorney's fees reasonably incurred in the defense of a claim, provided the indemnitor has notice of the law suit and an opportunity to defend."); *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 491 F.2d 192, 198 n.9 (8th Cir. 1974) ("[A]ttorneys' fees which have been reasonably incurred in the defense of a claim indemnified against may be recovered . . . provided that the indemnitor has notice of the lawsuit and an opportunity to defend."). Parties' insurance contract also mandated that MHTC notify Cincinnati of any pending suit prior to assuming costs for which Cincinnati

---

[1] Because Missouri law is clear that MHTC is entitled to attorneys' fees due to Cincinnati's breach of the duty to defend, Cincinnati's argument that it is necessary to completely litigate MHTC's counterclaim prior to an award of attorneys' fees is incorrect. Regardless of whether MHTC prevails on its counterclaims, it is entitled to attorneys' fees incurred in defending against the Clay County action.

3

would be liable. [Doc. 196, p. 8] ("No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."). MHTC is entitled to the fees incurred in defending the Clay County action after the date it tendered demand to Cincinnati.

Cincinnati argues that even if an insurer is notified of a suit and denies coverage, an insured is still required to tender any amended pleadings to the insurer in order for the insurer to incur any potential obligation to defend the insured in association with the amended pleading. However, all cases cited by Cincinnati in support of its contention identify "cooperation clauses" in the insurance contracts, which obligated the insured to provide copies and notice of legal documents associated with the claims. *See Inman v. St. Paul Fire & Marine Ins. Co.*, 347 S.W.3d 569, 580 (Mo. Ct. App. 2011) ("The cooperation provisions in the policy required the City to provide notice . . . "); *Rocha v. Metropolitan Property and Casualty Insurance Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000) ("The insured's violation of a cooperation clause relieves the insurer of liability to the insured."). Cincinnati has presented no evidence of a cooperation clause that required MHTC to provide it any legal documents or notice beyond tendering its initial demand for coverage and a defense.

Furthermore, while the original Petition did not reference Norris by name, it did allege that the State of Missouri and MoDOT were negligent through their "employees and agents," and Cincinnati knew or should have known that Norris was under contract with MHTC to perform construction near the accident site during the relevant time period. No significant changes were made with respect to the claims against MHTC in

4

the Amended Petition. As such, MHTC's original tender of demand was sufficient to impose on Cincinnati an obligation to compensate MHTC for the fees it incurred from that point forward.

Cincinnati must compensate for MHTC for its attorneys' fees incurred in defense of the Clay County action from the date MHTC tendered demand. Cincinnati contends that formal tender was not made until February 26, 2007. Evidence submitted by MHTC in support of its motion for fees states that Cincinnati first received MHTC's demand for a defense on or about May 14, 2004. [Doc. 158-1, p. 4-5]. This date corresponds with the Court's prior findings regarding when Cincinnati received notice of the suit against MHTC. [Doc. 154, p. 6-7]. MHTC is entitled to fees incurred from May 14, 2004 through December 21, 2012, the date of the conclusion of the lawsuit, in defense of the Clay County action.

MHTC is not entitled to fees and expenses it incurred in bringing its cross-claims against Norris in the Clay County action, however. Cincinnati had no duty to bring claims on MHTC's behalf. Its obligation extended only to defend MHTC for claims brought against it. Cincinnati is not liable to for fees incurred outside the scope of its duty to defend.

As Cincinnati notes, the billing statements presented by MHTC do not distinguish between work done on MHTC's cross-claim and work done in defense of the claim against MHTC. Within thirty days of the date of this order, MHTC may file revised fee

5

statements showing fees incurred in defense of the Clay County action from May 14, 2004, through December 21, 2012, and not in association with MHTC's cross-claims.[2]

### B. Motion to Recover Fees for Declaratory Judgment Action

In addition to the fees incurred in the Clay County action, MHTC requests an award of fees and costs for its expenditures made defending against Cincinnati's declaratory judgment action.

Cincinnati argues that MHTC's motion for fees is not yet ripe. The Court agrees. While the Court granted MHTC partial summary judgment in this matter, there has not yet been a final judgment in the case and a trial is scheduled to address the issue of whether Norris was aware of the dangerous road condition or should have been aware of it, which will bear on Cincinnati's obligation to indemnify MHTC for the judgment entered against MHTC in the Clay County action. As the declaratory judgment action has not yet been fully disposed of, MHTC's motion for fees and costs associated with it is premature.

## III. Conclusion

For the reasons set forth above, MHTC's motions for attorneys' fees are granted in part and denied in part. Within thirty days of the date of this order MHTC may submit documentation of the fees incurred defending the Clay County action.

---

[2] Cincinnati does not dispute the reasonableness of the fees charged for work associated with the defense. As such, the Court concludes that the rates at which the fees were billed were reasonable.

6

s/ Nanette K. Laughrey
                                                        NANETTE K. LAUGHREY
                                                        United States District Judge

Dated: December 19, 2014
Jefferson City, Missouri