UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE MISSOURI HIGHWAYS AND TRANSPORTATION COMMISSION, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:12-cv-01484-NKL<br>) |
| CINCINNATI INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

**ORDER**

Pending before the Court are cross motions for approval of Settlement Agreement filed by Plaintiffs Missouri Highways and Transportation Commission ("MHTC") and Yuna Chow, et al. ("Chow Plaintiffs"), Docs. 249 and 252. For the following reasons, MHTC's motion is denied as moot. The Chow Plaintiffs' motion is granted in part.

**I.  Background**

This case involved a dispute about whether insurance coverage exists for a tort judgment entered against MHTC in the Circuit Court for Clay County, Missouri (the "Clay County action"). The Clay County action arose from a June 24, 2001 single-car accident that occurred on a northbound portion of Interstate 29, near its intersection with Missouri Route W, in Holt County, Missouri. Three persons were killed in the accident and four others were injured. The accident was ultimately determined to have been caused in part by a dangerous and defective condition on the highway, specifically an edge drop-off and rutting on the shoulder.

1

On September 15, 2014, the Court granted partial summary judgment for MHTC, concluding that Cincinnati had a duty to provide a defense to MHTC in the Clay County action. Subsequently, the Court awarded MHTC $51,884.64 in attorneys' fees, to be paid by Cincinnati as a result of its breach of the duty to defend.[1] [Doc. 196, 230].

On February 12, 2015, during the pre-trial conference on the failure to indemnify claim, the parties reached a settlement, the terms of which are sealed. [Doc. 240]. Parties agreed that the settlement agreement encompassed all outstanding claims in the case. This necessarily included any claim by MHTC against Cincinnati for breach of the duty to defend.

In April 2015, the parties submitted independent motions for approval of settlement. [Doc. 249, 252]. MHTC's petition asked the Court to determine that it was entitled to $51,884.64 from the settlement in satisfaction of the attorney fee award made by the Court during the litigation. [Doc. 196, 230]. It also requested that the Court specifically allocate attorneys' fees to the Plaintiffs' firms involved in the case. The Chow Plaintiffs opposed both requests. In June, the parties filed a revised settlement agreement and release which included the following statement:

> MHTC is executing this release upon the agreement that the payment of $14,347.63 will be made to MHTC. That payment will fully satisfy the $51,884.64 Judgment made on 2/9/15 in favor of MHTC against Cincinnati for the failure of Cincinnati to defend MHTC. Such payment will come out of the attorneys' fees that are assessed, awarded and otherwise payable to Roger G. Brown as a part of his contingency fee recovery in this case in representing the

---

[1] MHTC refers to this as a judgment for $51,884.64 but this interlocutory award is not a judgment because additional claims remained pending in the case at the time the settlement was reached. *See* Fed. R. Civ. P. 54.

2

> Chow Plaintiffs. Regardless of the fee paid to Roger G. Brown, he will be fully responsible for the full payment of the $14,347.63.

[Doc. 277, p. 12]. In light of this agreement, the Court assumes that the parties' dispute regarding the $51,884.64 attorneys' fees award has been resolved. The two remaining issues before the Court are whether the terms of the Settlement Agreement are reasonable and whether the Court has jurisdiction over the dispute regarding the allocation of attorneys' fees in this case.

## II. Discussion

### A. Jurisdictional Considerations

As jurisdiction is a threshold matter, the Court must first determine whether it is permitted to resolve the parties' dispute regarding the division of attorneys' fees in this case. The federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). However, under the doctrine of ancillary jurisdiction, claims that are otherwise lacking an independent basis for federal jurisdiction can still be considered if they are factually interdependent with an underlying case or controversy. *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). The purpose of ancillary jurisdiction is the practical need "to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).

Whether a court may exercise ancillary jurisdiction over an issue depends on the degree to which the issue is interrelated with the underlying claim. Ancillary jurisdiction

is appropriate if the resolution of the claim will affect the judgment of the court. *See United States v. Afremov*, 611 F.3d 970, 976 (8th Cir. 2010) (finding no ancillary jurisdiction over a contract claim in criminal case when resolution of the contract dispute would not affect the criminal case). For the Court to possess ancillary jurisdiction over this fee dispute, the dispute must have some effect on the Settlement Agreement or in some way affect the rights of the plaintiffs. *See Avery v. Manitowoc*, 428 F. Supp. 2d 891, 894 (E.D. Wis. 2006) (finding ancillary jurisdiction where fee dispute could affect plaintiff rights, liability, or settlement amount).

Due to the existence of a minor plaintiff in this lawsuit, the Court must approve the fairness of the Settlement Agreement before it can be enforced. *Fiegener v. Freeman-Oak Health System*, 996 S.W.2d 767, 774 (Mo. App. 1999); *see* R.S.Mo. § 507.184(3). The fairness of the agreement, however, is only impacted by the reasonableness of the total award of attorneys' fees, not the allocation of attorneys' fees among the firms involved in the lawsuit. *C.f. Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 753 (4th Cir. 2003) (holding that it was proper for the court to retain jurisdiction over an attorneys' fee dispute where "the amount of attorney's fees paid . . . can effect [*sic*] the fairness and reasonableness of the class action settlement as a whole."). There is no disagreement about the total attorney fees to be paid from the settlement. On the other hand, resolving the fee dispute would involve interpreting the fee-sharing agreements between the firms, which have nothing to do with the Chow Plaintiffs or MHTC. Nor has Cincinnati expressed any concern about the payment of the attorney fees. Because this dispute does not go to the fairness of the Settlement

4

Agreement or any other underlying issue in this case, the Court does not have power to exercise ancillary jurisdiction over the dispute.

## B. Settlement Approval

While the Court does not have jurisdiction over the distribution of fees among the firms involved in this lawsuit, it must still approve the total award of fees and expenses in the action as these awards bear on the overall fairness of the Settlement Agreement.

Mr. Brown argues that the contingency fees contracts for the estates of Wai Chu Chan and Kai Chow are ambiguous as to whether they are 40% gross contracts for attorneys' fees or 40% contracts after expenses are deducted. He does not argue that the contingency fee contracts with the remainder of the Chow Plaintiffs are ambiguous. The Hamrock firm and the Tully firm have requested that the Court approve the settlement in this case awarding attorneys' fees after expenses are deducted from the total settlement amount. None of the actual parties to the contingency fee agreements, including the Hamrock firm, argue that they are ambiguous or that the Hamrock firm should recover attorneys' fees based on a gross contract. The Court will interpret the contracts as interpreted by all parties to them, providing for the deduction of expenses prior to the segregation of attorneys' fees.[2]

---

[2] Mr. Brown represents that his fee recovery under the terms of the fee sharing agreements is based on a percentage of fees due under the contingency fee agreements. However, Mr. Brown is not a party to any of the contingency fee agreements. Whether Mr. Brown is entitled to increased percentages of the attorneys' fees under the fee sharing agreements due to the Hamrock or Tully firm's failure to enforce the terms of the contingency fee agreement is an issue related to interpretation of the fee sharing agreements, which is not before the Court.

5

As expenses must be deducted from the settlement prior to the division of the Chow Plaintiffs' recovery from the attorneys' fee award, the Court must distribute expenses in the action. The Chow Plaintiffs' motion for settlement approval identifies the total amount of expenses incurred by each law firm and includes exhibits accounting for the claimed expenses. However, Mr. Brown has identified multiple purported errors in the Tully firm's expense accounting.

On June 1, 2015, the Court held a teleconference with the parties regarding the disposition of the settlement. During this teleconference, Mr. Brown's allegations regarding the expense accounting were addressed. Mr. Arato clarified that the expenses recorded for the "Rackers Deposition" were incorrectly marked and actually reflected expenses incurred for the deposition of Joe Roper. Mr. Arato further clarified that the date listed on the expense sheet for these costs was not the date of the deposition but the date of payment of the expenses. Mr. Brown did not object to the expenses being paid in light of this clarification. Mr. Arato also acknowledged that expenses for "Adams Knight" were duplicated in error in the expense accounting. He stated that one of the charges should be subtracted from the expenses incurred by the Tully firm. Mr. Brown did not object to this expense once the duplication was corrected. Parties indicated that they had conferred regarding the other expenses questioned by Mr. Brown and that there was no longer any dispute regarding the validity of the charges. The parties agreed during the teleconference that they were in agreement about the expenses incurred by Mr. Brown's firm.

The Court has also independently reviewed the expenses incurred by the Brown firm, the Tully firm, and the Hamrock firm, and has concluded that the expenses agreed to by the parties are reasonable and reflect charges for which the firms should be reimbursed. Therefore, Cincinnati is ordered to compensate Plaintiffs' attorneys for the expenses incurred in pursuit of this lawsuit in the following amounts: to Roger G. Brown & Associates in the amount of ███████; to Rob Tully PC in the amount of ███████; and to McCarthy and Hamrock in the amount of ███████.

In addition to the expenses, the Court must approve the total amount of attorneys' fees to be paid in this action. After deduction of expenses, the attorneys in the case are to receive ███████ as a forty percent contingency fee. Neither party has argued that the total contingency fee is unreasonable or unrepresentative of the total work performed in this case. Moreover, the Court believes that it is reasonable in light of the difficult questions involved in the litigation of this case and the length of time it took for this case to reach resolution. Therefore, the Court approves the payment of ███████ to Roger G. Brown & Associates, Rob Tully PC, and McCarthy and Hamrock, jointly.

As to the disputed division of attorneys' fees, Cincinnati may file an interpleader and deposit the contested fees into the Court's registry or distribute the fees at its discretion. The settlement award for the Chow Plaintiffs minus attorneys' fees and expenses will be deposited into the trust account of Rob Tully's law firm to be distributed as required by this order and any applicable ethical rules.

**C. Chow Plaintiffs' Recovery**

The Chow Plaintiffs are entitled to the remaining ███████ of the settlement. The Chow Plaintiffs proposed settlement figures to be paid each of the individual plaintiffs after deduction of fees and expenses; however, these figures did not account for the duplicative expense figure addressed above. As the changes to the approved expenses will increase the amount each of the Chow Plaintiffs is to recover, the Court has amended the Plaintiffs' agreed settlement recoveries, and approves payment to the Chow Plaintiffs for the wrongful death and minor plaintiff settlements as follows[3]:

- Yuk C. Chan (a/k/a Josephine Cho), for the wrongful death of Wai Chu Chan: ███████;

- Yuna Chow, for the wrongful death of Ling Ling Huang: ███████;

- Wai Shen, for the wrongful death of Kai Cho Tsui: ███████;

- Yuna Chow, as the next friend and conservator of Ying Chow, a minor: ███████.

**III. Conclusion**

For the reasons set forth above, MHTC's motion for approval of settlement is denied as moot and the Chow Plaintiffs' motion is granted in part. Cincinnati is ordered to remit payment to the Chow Plaintiffs and Plaintiffs' attorneys as set forth above.

---

[3] While this lawsuit is not a wrongful death action and judgment on the Plaintiffs' wrongful death claims has already been entered by the Clay County Circuit Court, the Court has approved the wrongful death settlements here in an abundance of caution.

8

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 9, 2015  
Jefferson City, Missouri